IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILO DAVIS MITHLO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MENTAL HEALTH BOARD OF SEWARD COUNTY,<br><br>　　　　　　Defendant. | 8:25CV205<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff Milo Davis Mithlo ("Plaintiff"), a civilly committed individual, filed a pro se Complaint on March 20, 2025. Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 7.

　　　　The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below this Court finds that it is. Therefore, Plaintiff's Complaint shall be dismissed with prejudice.

　　　　Plaintiff brings his Complaint under 42 U.S.C. § 1983 naming the Mental Health Board of Seward County as the sole defendant. Filing No. 1 at 2, 4. The subject matter of this case arises from Plaintiff's allegations of violations of "policy and procedures" and "due process" rights. *Id.* at 4. The totality of the allegations in Plaintiff's Complaint are as follows: On June 5, 2018, he was "put in civil commitment due to false statements, cases that didn't happen were used against me. They used a fake diagnosis and forced me to take medication for it." *Id.* at 6. As injury Plaintiff alleges emotional and psychological damage, loss of freedom and dignity, and forced medication. *Id.* As relief Plaintiff seeks release from commitment and an unstated amount of financial compensation. *Id.* at 7.

Plaintiff's Complaint suffers from a number of pleading deficiencies which render it subject to dismissal, however, in order to proceed Plaintiff must first overcome what appears to be a statute of limitations bar, or his Complaint must be dismissed in its entirety. The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a four-year statute of limitations. See *Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 (Westlaw 2020) ("The following actions can only be brought within four years: ... (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated....").

Here, Plaintiff's claims arise from events occurring in 2018, however, his Complaint was not filed until 2025. *See* Filing No. 1 at 6. Although tolling may occur when a person, at the time the cause of action accrued, had a mental disorder or was imprisoned, *see* Neb. Rev. Stat. § 25-213, these conditions must have actually prevented the person from taking action. See *Maycock v. Hoody*, 799 N.W.2d 322, 329 (Neb. 2011) (a person with a "mental disorder," for purposes of § 25-213, is one who suffers from a condition of mental derangement which actually prevents the sufferer from understanding his or her legal rights or from instituting legal action); *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996) ("[A] showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment."). There are not sufficient facts alleged in the Complaint, however, to support a finding that the

statute of limitations was tolled in this case, therefore his Complaint is time barred and cannot proceed.

As part of the relief sought, Plaintiff seeks release from confinement in his Complaint. Such relief is not available.

Plaintiff may only challenge the fact or duration of his confinement through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the United States Supreme Court has explained,

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004). A § 1983 action challenging the validity of one's confinement cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). And, while *Heck* involved a criminal conviction, the Court's reasoning in those cases applies equally to civil commitments. See *Journey v. Norfolk Reg'l Ctr.*, No. 8:19CV434, 2020 WL 5094851, at *3 (D. Neb. Aug. 28, 2020) (citations omitted).

Thus, to the extent Plaintiff seeks federal habeas corpus relief, i.e. release from his civil commitment, this Complaint may not proceed as he must first exhaust his state court remedies and file a habeas corpus petition. See 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b), (c).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint, Filing No. 1, is dismissed with prejudice as time barred and as the relief sought is not available to him under *Heck v. Humpries*.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 25th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court